IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KLIESH, | : | |
| | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 24-1802 |
| ANDREW CASSIDY, et al. | : | |
| | : | |
|     Defendants. | : | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                              **September 4, 2024**

Plaintiff John Kliesh, acting *pro se*, brings this action against Defendants Andrew G. Cassidy, Esq., the Honorable Robert O. Baldi of the Bucks County Court of Common Pleas, and Kristi B. Hoover, Esq. (collectively, "Defendants"). Plaintiff alleges that Defendants committed fraud in connection with civil actions brought in the Bucks County Court of Common Pleas. Defendant Hoover and Defendant Baldi have each filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. For the following reasons, I will grant the Motions and dismiss with prejudice all claims against Defendants Hoover and Baldi.

**I.     FACTS IN THE COMPLAINT**

The following facts are set forth in the Complaint.[1]

**A.   The Bucks County Court Actions**

According to the Complaint, Plaintiff is or was involved in three actions pending in the Bucks County Court of Common Pleas. The first case is a currently-pending small claims action brought by

---

[1]   In deciding a motion under Federal Rule of Civil Procedure 12, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

1

Plaintiff in Magisterial Court against Benjamin Franklin Plumbing, represented by Andrew G. Cassidy, Esq. ("Benjamin Franklin Plumbing Action"). As Benjamin Franklin Plumbing did not make an appearance, a default judgment was rendered against it and in favor of Plaintiff in the amount of $12,211.95. No motion to reopen was filed. Cassidy then filed an appeal on behalf of Benjamin Franklin Plumbing, which Bucks County Judge Theodore Fritsch, Jr. refused to dismiss despite an alleged lack of jurisdiction. (Compl. pp. 6–7.)

The second case was brought by Plaintiff against Morrisville Borough to stop the Borough from committing "tax fraud" on Plaintiff's property, which he asserts was tax exempt ("Morrisville Action I"). Although the case was assigned to Judge Albert J. Cepparulo, Plaintiff alleges that Judge Gary Gilman was "Lobbied to FRAUDULENTLY claim the case to DECIDE the case in Favor of the 'MORRISVILLE BOROUGH' [w]ithout the Knowledge of 'JOHN KLIESH.'" (Id. at 7–8.)

The third case, according to Plaintiff, was filed by the Borough of Morrisville to "FRAUDULENTLY claim a 'Trash Bill' on 'Kliesh's Vacant Property, which did not have 'TRASH SERVICE'" ("Morrisville Action II"). Plaintiff asserts that the case was assigned to Judge Jeffrey Finley, but the lawyers for the Borough lobbied Judge James McMasters to claim the case and order a jury trial. The Complaint alleges that Judge McMasters then "fraudulently predisposed" of the case. Although Plaintiff filed a Notice of Appeal, Judge McMasters ordered a second hearing in an attempt to "intimidate" Plaintiff. (Id. at 8–9.)

**B. Allegations Against Andrew Cassidy**

Plaintiff alleges that Cassidy was the lawyer for Benjamin Franklin Plumbing in the "Benjamin Franklin Plumbing Action." Plaintiff then named Cassidy as a "HOSTILE WITNESS" to testify about alleged legal misconduct in the case. According to the Complaint, Cassidy then started "SOLICITING" Defendants Judge Robert O. Baldi and Kristi Hoover to help him remove the case from the jury trial list and help him fix the case. Specifically, Judge Baldi sent Cassidy the following email, "Mr Cassidy: As you know, this matter has been placed in the May 6th trial term. If you believe

you need more time to complete discovery, etc., a motion will need to be filed." Plaintiff alleges that this shows that Cassidy "committed FRAUD and VIOLATED" his "RIGHTS TO DUE PROCESS OF LAW, when he CONSPIRED with the Other Two (2) Defendants To File FRAUDULENT COURT ORDERS to DENY" Plaintiff his right to a jury trial. (Id. at 2–3.)

Plaintiff seeks "Restitution" in the amount of $5 million from Cassidy. (Id. at 1.)

### C. Allegations Against Judge Robert Baldi

Plaintiff next alleges that Defendant Baldi, in connection with the Benjamin Franklin Plumbing Action, fraudulently filed an order on another judge's case, removing a trial from his trial list and placing it on the mandatory arbitration list. Plaintiff claims that the assigned judge was Theodore Fritsch, and Judge Baldi, who was never assigned, had no jurisdiction over the parties or subject matter. (Id. at 3–4.)

Then, on April 2, 2024, Judge Baldi's Clerk emailed Plaintiff a copy of his "FRAUDULENT Order" of April 12, 2024, continuing the original April 1, 2024 trial date and relisting the case as an arbitration. Plaintiff claims that this shows that Defendant Judge Baldi engaged in case fixing on behalf of Cassidy. Plaintiff accuses Judge Baldi as committing fraud and violating his due process rights by trying to protect Cassidy from being "called as a Witness to his 'LEGAL MISCONDUCT.'" (Id. at 4–5.)

Plaintiff seeks damages in the amount of $3 million from Judge Baldi. (Id. at 1.)

### D. Allegations Against Kristi B. Hoover

The Complaint alleges that Defendant Kristi Hoover is a lawyer working in the Bucks County Court Administrator's Office and is not permitted to draft and file court orders. Yet, according to Plaintiff, Hoover filed a rule to show cause on behalf of Cassidy in the Benjamin Franklin Plumbing Action. (See Compl., at Ex. 5 (noting the handwritten initials of "KBH" on top right corner of Rule).) Plaintiff asserts that Hoover tried to conceal her involvement by using an email account in the name of Terry Valdez, a retired paralegal who worked at William Goldman Law Firm for forty-five years and

3

the Bucks County Court Administrator's Office for three years. Plaintiff claims that Hoover is guilty of filing fraudulent orders and violating due process of law. (Id. at 5.)

Plaintiff seeks damages of $1 million from Hoover. (Id. at 1.)

### E. Allegations of Case Fixing

Finally, Plaintiff seeks an order for a federal investigation into the Bucks County Court of Common Pleas for case fixing under 18 U.S.C. § 1961. He claims that the Bucks County Court of Common Pleas and its lawyers have violated the constitutional rights of hundreds of *pro se* litigants, as shown by the events in his three pending cases. (Id. at 1, 6.)

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to bring a motion to dismiss for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The burden of establishing federal jurisdiction rests with the party asserting its existence. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006). A district court must first determine "whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014).

In a facial challenge, the court will limit evaluation to only the allegations in the pleadings and assume the truthfulness of the complaint. Mortensen v. First Fed Sav. & Loan Ass'n, 549 F.2d 884, 89 (3d Cir. 1977). When evaluating a facial attack, like the one before me, courts apply the same standard of review used when "considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Aichele, 757 F.3d at 358.

A factual attack, however, offers no such deference to the plaintiff's allegations and the court may weigh evidence outside of the facts in the pleadings to determine whether jurisdiction exists. Id.

4

B. **Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679).

A *pro se* complaint should be "held to less stringent standards than formal pleadings drafted by lawyers." U.S. ex rel. Walker v. Fayette Cty., Pa., 599 F.2d 573, 575 (3d Cir. 1979), (citing Haines v. Kerner, 404 U.S. 519, 521 (1972)). The court must construe the facts stated in the complaint liberally

5

in favor of the plaintiff. Haines, 404 U.S. at 520. "Yet there are limits to our procedural flexibility. For example, *pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Thus, even a *pro se* complaint must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions" that are devoid of "factual enhancement." Iqbal, 556 U.S. at 678 (internal quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id.

### III. MOTION TO DISMISS BY KRISTI HOOVER

Defendant Hoover seeks dismissal of all claims against her, alleging that: (1) Plaintiff lacks standing to proceed on the claims against her, and (2) Plaintiff has failed to state a claim upon which relief may be granted. As I find that Plaintiff lacks standing—thus depriving this Court of jurisdiction—I address only that argument.

Article III of the Constitution restricts the "judicial power" of the United States to the resolution of cases and controversies. See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). "Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed. Id. (citing Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003)).

Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts. Id. The constitutional component of standing requires that a plaintiff demonstrate (1) that he or she suffered an "injury in fact;" (2) that the injury is "fairly traceable" to the actions of the defendant; and (3) that the injury "will likely be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); see also Valley Forge, 454

6

U.S. at 471–72. To be "concrete," an injury must be "real, or distinct and palpable, as opposed to merely abstract," and to be "particularized," an injury must "affect the plaintiff in a personal and individual way." Finkelman v. Nat'l Football League, 810 F.3d 187, 193 (3d Cir. 2016) (internal quotations omitted). To prove causation, the plaintiff must show that "there is a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant." Id. at 193–94. Finally, to prove redressability, the plaintiff must show that it is "likely, as opposed to merely speculative," that the alleged injury will be redressed by a favorable decision. Id. at 194. "The plaintiff has the burden of demonstrating that these requirements are met at the 'commencement of the litigation,' and must do so 'separately for each form of relief sought.'" Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) (quoting Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), inc., 528 U.S. 167, 170, 184–85 (2000)).

Here, Plaintiff fails to show any concrete injury that is "fairly traceable" to the actions of Hoover. The only allegation against Hoover is that, in the ongoing Benjamin Franklin Plumbing case, she filed a Rule to Show Cause order, issued by Judge Fritsch (who is not a defendant in this action), that stated:

> AND NOW, this 8th day of April, 2024, upon consideration of the attached Defendant's Motion to Deem Defendant's Requests for Admissions as Admitted, it is hereby ORDERED that:
>
> 1. A Rule is issued upon the Respondent(s) to show cause why the relief requested should not be granted;
>
> 2. On or before May 6, 2024, the Respondent(s) may file a response to the motion attached;
>
> 3. In the event of a response, the matter shall be decided under Pa.R.C.P. No. 206.7 and Bucks County Rule of Civil Procedure No. 208.3(b);
>
> 4. In the absence of a response the rule may be made absolute pursuant to B.C.R.C.P No. 206.4(c)(5)(b) or B.C.R.C.P. No. 208.3(a)(2), as applicable;

> 5. Notice of the entry of this order shall be provided to all parties by the moving party.

(Compl., Ex. 5.)

In effort to establish injury in fact, Plaintiff alleges that this order contained demands for him to comply with discovery demands, and that Cassidy used the order to harass and threaten Plaintiff. However, Plaintiff fails to show what concrete, non-abstract injury he suffered as a result of a court order that required him to respond to discovery requests issued by the defendant in a case he initiated. Moreover, even if Plaintiff could show concrete injury, the order was issued by Judge Fritsch in response to a motion filed by Cassidy, the lawyer for the defendant in the state court action. The mere fact that Hoover may have reviewed the pleading and filed an order approved by the Judge does not allege that any harm is has a fairly traceable connection to any action by Hoover.

As Plaintiff has not met his burden of establishing standing as to Hoover, I lack jurisdiction over the claims against her. Accordingly, I will grant Hoover's motion to dismiss.

## IV. MOTION TO DISMISS BY JUDGE ROBERT BALDI

Defendant Judge Baldi also moves to dismiss all claims against him—both individually and in his official capacity—and asserts that I lack the power to authorize Plaintiff's requested federal investigation into the actions of the Pennsylvania judiciary.

### A. Immunity

To the extent Plaintiff has sued Judge Baldi in his individual capacity, such claims are barred by judicial immunity. It is well settled that when determining whether a judge should be entitled to judicial immunity, "[the reviewing court] must engage in a two-part inquiry . . . First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (internal citations and quotation marks omitted). To determine whether an act is "judicial," we must look to the "nature

of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the [body] in [its] judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978).  If these requirements are met, immunity will not be revoked even if the judge's actions were part of an alleged conspiracy and even when the judge is accused of acting maliciously and corruptly.  Dennis v. Sparks, 449 U.S. 24, 26–27 (1980); Pierson v. Ray, 386 U.S. 547, 554 (1967) see also Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (affirming finding of judicial immunity where the plaintiff alleged her attorney conspired with the presiding judge to have her accept a settlement offer); Keisling v. Renn, 425 F. App'x 106, 108 (3d Cir. 2011) (affirming judicial immunity where various judges allegedly "violated [plaintiff's] rights by entering a series of orders against him.").

Here, Plaintiff's sole allegation against Judge Baldi is that he fraudulently filed an order on another judge's case, removing a case from his trial list and placing it on the mandatory arbitration list.  Plaintiff claims that the assigned judge was Theodore Fritsch, and Judge Baldi, who was never assigned, had no jurisdiction over the parties or subject matter.  As such, Plaintiff accuses Judge Baldi of case fixing.

While it is undisputed that Judge Baldi's act of issuing an order is a function normally performed by a judge, was done in his official capacity, and thus is a "judicial action," Plaintiff contends that Judge Baldi was without jurisdiction to issue the order since he was never assigned to the case.  In support, he cites Pennsylvania Judicial Conduct Rules, Canon 2.7 for the proposition that "only the assigned judge has the authority to review and decide the cases placed before them."  (ECF No. 12, Def.'s Motion in Opp'n Baldi Motion to Dismiss, at p. 4.)

Plaintiff's argument is mistaken on several grounds.  First, he misquotes Canon 2.7, which actually states that "[a] judge shall hear and decide matters assigned to the judge, except where the judge has recused himself or herself or when disqualification is required by Rule 2.11 or other law."

9

Pa. Code of Judicial Conduct, Canon 2.7. This Canon contains no prohibition on orders by other judges.

Moreover, the United States Court of Appeals for the Third Circuit has recognized that generally "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." Figueroa v. Blackburn, 208 F.3d 435, 444 (3d Cir. 2000) (quotation omitted). A judge simply acting in excess of jurisdiction does not mean that he or she is acting in the absence of jurisdiction. Id. For purposes of judicial immunity, "a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court even though a court rule or other procedural constraint required another judge to act in the matter." Gallas, 211 F.3d at 771; see also Book v. Dunlavey, No. 08-cv-121, 2009 WL 891880, at *3 (W.D. Pa. Mar. 31, 2009) (granting immunity and finding that judge's order was not issued in the complete absence of all jurisdiction simply because that judge was not assigned to his case; the judge, as a judge of the Erie Common Pleas Court, had general jurisdiction over the subject matter over the plaintiff's case in that court, regardless of whether he acted in excess of this jurisdiction).

The Pennsylvania Constitution provides that for each judicial district "[t]here shall be *one* court of common pleas . . . having such divisions and consisting of such number of judges as shall be provided by law . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law. Pa. Const. Art. 5, § 5 (emphasis added). Therefore, as a judge of the Bucks County Court of Common Pleas, Judge Baldi had at least general jurisdiction over Plaintiff's case that was pending there. Whether he exceeded his jurisdiction when ordering the case to compulsory arbitration has no bearing on his entitlement to judicial immunity. As such, Judge Baldi is immune from suit on Plaintiff's claims against him in his individual capacity.

To the extent Plaintiff sues Judge Baldi in his official capacity, those claims must also be dismissed. The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has noted that the Eleventh Amendment presupposes that each state is a sovereign entity in our federal system and that, as a sovereign, it is not amenable to the suit of an individual without its consent. Seminole Tribe of Fl. v. Fl., 517 U.S. 44, 54 (1996). The type of relief sought is irrelevant—the Eleventh Amendment bars an action regardless of whether the plaintiff seeks legal or equitable relief. Id. at 58. The Eleventh Amendment also extends immunity to suits for retrospective monetary relief against state officials in their official capacity. Kentucky v. Graham, 473 U.S. 159, 169–70 (1985). This is because "a suit against a state official in his or her official capacity is . . . no different from a suit against the State itself." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).

Here, Judge Baldi sits on the Bucks County Court of Common Pleas, which is part of the Pennsylvania Unified Judicial System. That system is considered a state agency entitled to Eleventh Amendment immunity. See Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000) (citing 42 Pa. Cons. Stat. § 301). As Eleventh Amendment immunity extends to state officials in their official capacity, any claims against Judge Baldi in his official capacity is barred and must be dismissed.

### B. Plaintiff's Request for a Federal Investigation

Finally, as to Plaintiff's request for a federal investigation into the Bucks County Court of Common Pleas, it is well established that "a private individual cannot sue—at least in federal court—to compel the state or federal government to investigate or prosecute an alleged crime." Mikhail v. Kahn, 991 F. Supp. 2d 596, 635 (E.D. Pa. 2014) (citing in part Williams ex rel Faison v. U.S. Penitentiary Lewisburg, 377 F. App'x 255, 256 (3d Cir. 2010) (per curiam); United States v. Nixon, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.")).

Accordingly, I will dismiss this claim as well.

## V. CONCLUSION

In light of the foregoing, I will grant Hoover's and Judge Baldi's Motions to Dismiss in their entirety. I remain cognizant that in a civil rights case, a court must *sua sponte* allow a plaintiff leave to amend his or her complaint unless it would be inequitable or futile to do so. Phillips v. Cnty of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). The claims against these Defendants, however, are all barred for either lack of standing or by some form of immunity, and therefore any amendment would be frivolous. Accordingly, all claims against Hoover and Judge Baldi will be dismissed with prejudice.

An appropriate Order follows.