**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN KLIESH, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  24-1802 |
| ANDREW CASSIDY, <u>et al.</u> | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM OPINION</u>

Goldberg, J.                                                    February 19, 2025

Plaintiff John Kliesh, acting *pro se*, brought this action against Defendants Andrew G. Cassidy, Esq., the Honorable Robert O. Baldi of the Bucks County Court of Common Pleas, and Kristi B. Hoover, Esq. (collectively, "Defendants"). Plaintiff alleges that Defendants committed fraud in connection with civil actions brought in the Bucks County Court of Common Pleas. Per my September 4, 2024, Order and Opinion, the claims against Defendant Hoover and Defendant Baldi have each been dismissed with prejudice. Defendant Cassidy has now filed a motion to dismiss for failure to state a claim upon which relief may be granted.

## I.    FACTS IN THE COMPLAINT

The following facts are set forth in the Complaint.[1]

### A.  <u>The Bucks County Court Actions</u>

According to the Complaint, Plaintiff is or was involved in three actions pending in the Bucks County Court of Common Pleas. At the time of the Complaint, the first case was a pending small

---

[1] In deciding a motion under Federal Rule of Civil Procedure 12, the court must accept all factual allegations in the Complaint as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Atiyeh v. Nat'l Fire Ins. Co. of Hartford</u>, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

claims action brought by the Plaintiff in Magisterial Court against Benjamin Franklin Plumbing, represented by Andrew G. Cassidy, Esq. ("Benjamin Franklin Plumbing Action"). As Benjamin Franklin Plumbing did not make an appearance, a default judgment was rendered against it and in favor of Plaintiff in the amount of $12,211.95. No motion to reopen was filed. Cassidy then filed an appeal on behalf of Benjamin Franklin Plumbing, which Bucks County Judge Theodore Fritsch, Jr. refused to dismiss despite Plaintiff alleging a lack of jurisdiction. (Compl. pp. 6–7.)

Plaintiff brought the second case against Morrisville Borough to stop the Borough from committing "tax fraud" on Plaintiff's property, which he asserts was tax exempt ("Morrisville Action I"). Although the case was assigned to Judge Albert J. Cepparulo, Plaintiff alleges that Judge Gary Gilman was "Lobbied to FRAUDULENTLY claim the case to DECIDE the case in Favor of the 'MORRISVILLE BOROUGH' [w]ithout the Knowledge of 'JOHN KLIESH.'" (Id. at 7–8.)

The third case, according to Plaintiff, was filed by the Borough of Morrisville to "FRAUDULENTLY claim a 'Trash Bill' on 'Kliesh's Vacant Property, which did not have 'TRASH SERVICE'" ("Morrisville Action II"). Plaintiff asserts that the case was assigned to Judge Jeffrey Finley, but the lawyers for the Borough lobbied Judge James McMasters to claim the case and order a jury trial. The Complaint alleges that Judge McMasters then "fraudulently predisposed" of the case. Although Plaintiff filed a Notice of Appeal, Judge McMasters ordered a second hearing in an attempt to "intimidate" Plaintiff. (Id. at 8–9.)

**B.  Allegations Against Andrew Cassidy**

Plaintiff alleges that Cassidy was the lawyer for Benjamin Franklin Plumbing in the "Benjamin Franklin Plumbing Action." Plaintiff then named Cassidy as a "HOSTILE WITNESS" to testify about alleged legal misconduct in the case. According to the Complaint, Cassidy then started "SOLICITING" Defendants Judge Robert O. Baldi and Kristi Hoover to help him remove the case from the jury trial list and help him fix the case. Specifically, Judge Baldi sent Cassidy the following email, "Mr Cassidy: As you know, this matter has been placed in the May 6th trial term. If you believe you need more time

to complete discovery, etc., a motion will need to be filed." Plaintiff alleges that this shows that Cassidy "committed FRAUD and VIOLATED" his "RIGHTS TO DUE PROCESS OF LAW, when he CONSPIRED with the Other Two (2) Defendants To File FRAUDULENT COURT ORDERS to DENY" Plaintiff his right to a jury trial. (Id. at 2–3.)

Plaintiff alleges that Defendant Judge Baldi fraudulently filed an order in the Benjamin Franklin Plumbing Action, despite the case being assigned to another judge. This alleged fraudulent order removed the case from that judge's trial list and placed it on the mandatory arbitration list, which, according to Plaintiff, shows that Defendant Judge Baldi engaged in case fixing on behalf of Cassidy. Plaintiff claims his due process rights were violated by Judge Baldi on behalf of Cassidy in order to protect him from being "called as a Witness to his 'LEGAL MISCONDUCT.'" (Id. at 4–5.)

Finally, Plaintiff alleges that Defendant Hoover filed a Rule to Show Cause on behalf of Cassidy in the Benjamin Franklin Plumbing Action. (See Compl., at Ex. 5 (noting the handwritten initials of "KBH" on top right corner of Rule)). According to Plaintiff, Defendant Hoover is not permitted to draft and file court orders, and her actions were fraudulently done on behalf of Cassidy.

Plaintiff seeks "Restitution" in the amount of $5 million from Cassidy. (Id. at 1.)

## II.    STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679).

A *pro se* complaint should be "held to less stringent standards than formal pleadings drafted by lawyers." U.S. ex rel. Walker v. Fayette Cty., Pa., 599 F.2d 573, 575 (3d Cir. 1979), (citing Haines v. Kerner, 404 U.S. 519, 521 (1972)). The court must liberally construe the facts stated in the Complaint in favor of the plaintiff. Haines, 404 U.S. at 520. "Yet there are limits to our procedural flexibility. For example, *pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Thus, even a *pro se* complaint must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertions" that are devoid of "factual enhancement." Iqbal, 556 U.S. at 678 (internal quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id.

III.    **MOTION TO DISMISS BY ANDREW CASSIDY**

Defendant Cassidy seeks dismissal of all claims against him, alleging that Plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Plaintiff claimed "'FRAUD', 'CONSPIRACY TO COMMIT FRAUD' and 'VIOLATION OF DUE PROCESS OF LAW' as the [c]ause of actions" against three named defendants. He also claims that "[r]estitution is required under the FEDERAL FRAUD ACT and (42 U.S. Code [§] 1983)." (Compl. p. 1.) Since the filing of Plaintiff's Complaint, two Defendants have been dismissed, leaving only Defendant Cassidy as a defendant.

A.    **Conspiracy**

Plaintiff asserts a claim under 42 U.S.C. § 1983 claiming that Defendant Cassidy, "VIOLATED the Plaintiff, JOHN KLIESH'S RIGHTS TO DUE PROCESS OF LAW when he CONSPIRED with the other two (2) Defendants. To file FRAUDULENT court orders to DENY the Plaintiff, John Kleish his CONSTITUTIONAL RIGHT to JURY TRIAL." (Compl. p. 3.)

To establish a § 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. See Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999), aff'd, 210 F.3d 358 (3d Cir. 2000). "[T]he rule is clear that the plaintiff must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 295 (internal quotation omitted). Plaintiff is required to allege that two or more co-conspirators reached an agreement for the purpose of depriving him of his constitutional rights under color of state law. Parkway Garage. Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)). "It is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." Spencer v. Steinman, 968 F.Supp. 1011, 1020 (E.D. Pa. 1997). Rather, the plaintiff must show that the alleged conspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." Chicarelli v. Plymouth Garden Apartments,

551 F.Supp. 532, 539 (E.D. Pa. 1982) (citing <u>Tarkowski v. Robert Bartlett Realty Co.</u>, 644 F.2d 1204 (7th Cir. 1980)).

Plaintiff has not pleaded a sufficient factual basis to support a plausible claim of conspiracy. There are insufficient factual allegation that an agreement was reached between Defendant Cassidy and any other person to deprive Plaintiff of his constitutional rights. Stipping away, as I must, Plaintiff's allegations that Defendant Cassidy solicited action from the dismissed Defendants, Plaintiff has not identified any communication from Defendant Cassidy to any of the other Defendants. Plaintiff's allegations stem from an email from Defendant Judge Baldi informing Defendant Cassidy that "[i]f you believe you need more time to complete discovery, etc., a motion will need to be filed." (Compl. p. 3 (Cleaned up)). While Plaintiff alleges that this email "IMPLIES that the Defendant, Judge Robert O. Baldi, would be willing to file MORE FRAUDULENT ORDERS on [Defendant Cassidy's] behalf," this communication does not lead to a plausible claim that Defendants Cassidy and Baldi had a mutual understanding. Additionally, Plaintiff's allegation that Defendant Hoover "filed a 'RULE TO SHOW CAUSE" . . . on Behalf of 'ANDREW G. CASSIDY'" fails to allege sufficient facts to show agreement on the part of Defendant Cassidy.

Thus, even under 12(b)(6)'s deferential standard, and giving Plaintiff the benefit due *pro se* parties, the Complaint fails to adequately allege the existence of a conspiracy.

## B. <u>Fraud</u>

It is not clear from Plaintiff's Complaint whether he intended to bring an independent claim of fraud against Defendant Cassidy. The Complaint states that "Defendant, ANDREW G. CASSIDY, has in fact committed FRAUD . . . when he CONSPIRED with the Other Two (2) Defendants. To File FRAUDULENT COURT ORDERS . . . ." ECF 1 at 5 of 56. Plaintiff appears to argue that the alleged fraud occurred either when Defendant Judge Baldi filed an Order, or when Defendant Hoover allegedly filed a Rule to Show Cause. To the extent Plaintiff is arguing a separate claim for fraud against Defendant Cassidy, he has failed to state a claim.

It is unclear which act Plaintiff is referencing as the "FEDERAL FRAUD ACT" as there is no general fraud act under federal law. Fraud is generally governed by tort law, which is defined by the law of each respective state. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In Pennsylvania, a claim of fraud requires showing: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Milliken v. Jacono, 60 A.3d 133, 140 (Pa. Super. Ct. 2012), aff'd, 103 A.3d 806 (Pa. 2014), as modified on reconsideration (Nov. 12, 2014). Plaintiffs are also subject to a heightened pleading standard for fraud, as required by Rule 9(b), which provides that "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. Pro. 9(b).

Plaintiff fails to allege Cassidy made any representation or acted in any way that could support a fraud determination. Plaintiff's sole allegation was that Defendant Baldi filed an order removing a case on which Defendant Cassidy was a lawyer. Defendant Baldi has since been dismissed. While Plaintiff alleges that this action was done on behalf of Defendant Cassidy, Plaintiff fails to plead specific facts that Defendant Cassidy made a false representation resulting in Defendant Baldi's order. The same can be said about Defendant Hoover's alleged filing of a Rule to Show Cause. There are no allegations that Cassidy made any representation, let alone a false one, that resulted in the filing of the Order or Rule, which Plaintiff claims to be fraudulent.

**C.  Plaintiff's Motion in Objection**

In response to Defendant Cassidy's Motion to Dismiss, Plaintiff filed a Motion in Objection to Defendant Cassidy's Motion, which I will interpret as Plaintiff's Response. Therein, Plaintiff made multiple arguments, none of which are availing.

First, Plaintiff claims that Defendant Cassidy "FAILED to file a written Notice of Appearance, showing a representative for him." (Doc. No. 19 at 3.) However, an attorney appeared on behalf of Defendant Cassidy on September 5, 2024. (Doc. No. 17.)

Second, Plaintiff argues that Defendant Cassidy filed his Motion to Dismiss untimely as it was more than 21 days after he was served with the summons and Complaint. (Doc. No. 19 at 3-4.) Plaintiff argues that under Fed. R. Civ. Pro. 12(a)(1), "the time for serving a responsive pleading is a . . . [w]ithin 21 days after being served with the summons and complaint."  However, in the absence of a motion for default judgment, this Court has discretion to allow an untimely motion. Pineda v. Chromiak, No. 17-5833, 2018 U.S. Dist. LEXIS 125803, at *8 (E.D. Pa. July 27, 2018). "Mere delay, absent a showing of prejudice, will not normally cause the denial of a late pleading." Winters v. Akzo Nobel Surface Chemistry, LLC, No. 19-5398, 2020 U.S. Dist. LEXIS 91240, *9 (E.D. Pa. May 26, 2020). Here, there was no showing of prejudice in Plaintiff's seven-day delay. Additionally, a rigid application of the timing rules would require dismissal of Plaintiff's case as Plaintiff failed to serve Defendant Cassidy "within 90 days after the complaint was filed." Fed. R. Civ. Pro. 4(m). Plaintiff's Complaint was filed on the docket on April 25, 2024, and Defendant did not serve until August 6, 2024. Plaintiff's own violation of the Rules undercuts any prejudice he may have suffered from Defendant Cassidy's violation. I will exercise my discretion to reach the substance of the parties' arguments.

Third, Plaintiff argues that Defendant violated Rule 12(d), which requires Defendant Cassidy to "serve a 'Ten Day Notice' . . . NO LATER than September 28, 2024." (Doc. No. 19 at 3.) The argument appears to be that Defendant Cassidy's Motion to Dismiss was really a Motion for Summary Judgment, and the "Ten Day Notice" is required before a filing of a Summary Judgment Motion. (Doc. No. 19 at 4.) Plaintiff relies on Bryson v. Brand Insulation, Inc., a case in which the district court entered judgment on its own initiative, and the plaintiff "had no prior knowledge that the court was considering judgment on the pleadings or summary judgment." 621 F.2d 556, 559 (3rd Cir. 1980). This

was error because the plaintiff "had no reasonable opportunity to present to the court material relevant to a Rule 56 proceeding [which] require[ed] an opportunity to present pertinent material." Id.

Bryson is inapplicable because Defendant's Motion to Dismiss was filed electronically, thereby notifying Plaintiff. The fact that Plaintiff had been notified and had a chance to respond is evidenced by the fact that he did respond through his "Motion in Opposition." Additionally, Defendant Cassidy's Motion is a Motion to Dismiss, which does not present the same concerns as a summary judgment motion about Plaintiff having an opportunity to present evidence. As explained above, Plaintiff's Complaint fails to state a claim for relief.

Fourth, Plaintiff asserts that when a party files a "JURY TRIAL DEMAND, [and] there is a count [of] (FRAUD) a 'JURY TRIAL' is MANDATORY, when requested." (Doc. No. 19 at 5.) Contrary to Plaintiff's assertion, there is nothing unusual about district courts dismissing fraud claims prior to trial when the Complaint fails to sufficiently plead fraud. See Lum v. Bank of Am., 361 F.3d 217, 226 (3d Cir. 2004).

Fifth, Plaintiff argues that Defendant Cassidy is required to submit certain types of evidence under Rule 56 of the Federal Rules of Civil Procedure. That Rule governs motions for summary judgment and is inapplicable to a Motion to Dismiss. The correct standard is whether Plaintiff's Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 678. As previously explained, Plaintiff's Complaint fails to state a claim and, as such, must be dismissed.

Sixth, Plaintiff claims that Defendant Cassidy has only raised legal standards and, as such, "has Failed to Develop any LEGAL DEFENSE for the Plaintiff, John Kliesh to ADDRESS." To the contrary, Defendant may point to Plaintiff's failure to state a claim without establishing any additional defenses. For the reasons previously explained, Plaintiff has failed to state a claim.

Seventh, Plaintiff claims that Defendant Cassidy has "filed FRAUDULENT EVIDENCE (EXHIBIT 5) which is a UNKNOWN LIST, which [Cassidy] is clearly trying to FRAUDULENTL[Y]

PASS OFF AS A DOCKET." Even if it were true that these documents were fraudulent, it would have no bearing on my decision.

**IV.    CONCLUSION**

For the reasons previously explained, Plaintiff has failed to state a claim. An appropriate Order follows.